W. T. Woodbridge & Co., Plaintiffs and Appellees, *v.* Díaz, Defendant and Appellant.

Appeal from the District Court of San Juan in an Action to Recover Fees for Professional Services.

No. 2163.—Decided July 30, 1920.

Professional Services—Reasonable Value of Services.—A complaint in an action to recover fees for professional services wherein it is not alleged that the amount was previously agreed upon, but wherein the plaintiff fixes the amount of his professional services at a certain itemized sum which he alleged was owing to him, is not fatally defective because it fails to state that the sum claimed is the reasonable value of the services, for if it were not reasonable it would not be owed. If the amount was not reasonable the defendant could defend on that ground and could also move for a more detailed specification of the items of the account.

Id.—Default Judgment—Money Contract.—In this case the default judgment entered by the clerk is attacked for failure to take evidence in regard to the account in accordance with subdivision 2 of section 194 of the Code of Civil Procedure, but that subdivision is not applicable. Subdivision 1 of the said section is applicable, inasmuch as this is a money claim originating from a contract for the hire of professional services, which was a contract although there was no previous agreement as to the amount.

The facts are stated in the opinion.

*Mr. L. Llorens Torres* for the appellant.

*Messrs. Huyke, Quiñones* and *C. V. Urrutia* for the appellee.

Mr. Chief Justice Hernández delivered the opinion of the court.

On November 28, 1918, the professional firm of W. T. Woodbridge & Company brought an action in the District

Court of San Juan, Section 1, against José Agustín Díaz to recover the sum of $798.53 for professional services rendered. The defendant appeared and demurred to the complaint on the ground that it did not allege facts sufficient to constitute a cause of action. The court overruled the demurrer and allowed the defendant ten days within which to answer. The defendant did not answer and the clerk of the court, at the instance of the plaintiffs, noted the default of the defendant and on November 18, 1919, entered judgment against him for the sum claimed and the costs. This judgment was appealed from by the defendant, who alleges as the first ground of appeal that the court erred in overruling the demurrer, for although in the complaint it is alleged that the plaintiffs are a professional firm, it is not said what profession they are engaged in, and as to the services rendered, if they were not professional there was no allegation of a specified price, as is required in a contract for work or services according to section 1447 of the Civil Code, and if they were professional services their reasonable value was not alleged, as required by section 1486 of the same code, amended by the Act of February 24, 1906.

The amended complaint reads as follows:

"First: That the plaintiff is a duly organized professional firm with offices in San Juan and the defendant is of age, a property owner and resident of Humacao.

"Second: That the plaintiff firm rendered to José Agustín Díaz certain professional services consisting of an examination of the books and papers of the Arkadia Sugar Company and of the books and papers of the partnership of Díaz & Aboy regarding various transactions of the years 1911 to 1916, inclusive; of advice given on several occasions to Díaz, Aboy and Acuña, and of the preparation of various statements of account, notes, etc., according to the request of Díaz.

"Third: That the plaintiff firm devoted a great number of days to rendering these professional services, which, with the fees corresponding thereto, are itemized as follows:

"Seventeen days and a half at twenty-five dollars per day, making four hundred and thirty-seven dollars and fifty cents. This time was employed by Woodbridge and expert accountants. Twenty-three days and a half at fifteen dollars per day, making three hundred and fifty-two dollars and fifty cents. This time was employed by assistant accountants. Time of a stenographer, eight hours at one dollar per hour, making eight dollars. Also the cost of a telephone message on the sixteenth of August, fifty-three cents. These item make a total of seven hundred and ninety-eight dollars and fifty-three cents, which the defendant owes to the plaintiff firm.

"Fourth: That the plaintiff firm has demanded payment of the said sum of seven hundred and ninety-eight dollars and fifty-three cents, but the defendant has not paid it in whole or in part notwithstanding such demands.

"WHEREFORE the plaintiff prays the court for a judgment in due course and after due process of law adjudging that the defendant pay to the plaintiff firm for professional services rendered the sum of seven hundred and ninety-eight dollars and fifty-three cents, with the costs, expenses and attorney fees."

The allegations transcribed, which we must accept as true for the purposes of the demurrer, show that the plaintiffs are a professional firm and rendered professional services of accounting to the defendant without any previous agreement as to price, but that such services, according to the items specified in the complaint, amount to or are worth $798.53 which the defendant owes to the plaintiffs. Being, as they were, professional services, it was not necessary that their price should have been previously agreed upon, for section 1486 of the Civil Code, as amended by the Act of February 24, 1906, which is the statute applicable to this case, provides that "professional services, as regards the remuneration therefor, shall be subject to the agreement of the parties; and where there is no agreement as to remuneration, and a disagreement should arise respecting the same, the party entitled to such remuneration may sue and recover from the adverse party the reasonable value of such services in any court of competent jurisdiction." As will

be seen, in the absence of an agreement the remuneration for professional services shall consist of their reasonable value. The plaintiffs fixed the amount of their professional services at the sum of $798.53, itemizing the amount, and their allegation that the defendant owed them that sum implies an allegation that it was reasonable, for if it were not reasonable it would not be owed. In considering an allegation for the purpose of determining its effects, it should be construed liberally in order to secure absolute justice between the parties. Section 122 of the Code of Civil Procedure. And, according to section 142, "the court must, in every state of an action, disregard any error or defect in the pleadings or proceedings which does not effect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect."

The allegation that the sum claimed as a remuneration for the services was not reasonable was a matter of defense for the defendant, who also could have moved for a more detailed specification of the items of the account for the services in the exercise of the right conferred upon him by section 124 of the said code.

The allegations of the complaint are sufficient to constitute a cause of action.

The appellant assigns another error in support of the appeal, viz., that a default judgment was entered contrary to the provisions of subdivision 2 of section 194 of the Code of Civil Procedure, which provides that "if the taking of an account, or the proof of any fact, is necessary to enable the court to give judgment, or to carry the judgment into effect, the court may take the account or hear the proof; or may, in its discretion, order a reference for that purpose; * * * ." Subdivision 1 and not subdivision 2 of section 194 of the Code of Civil Procedure governs the entry of judgment in this case, for this was an action of debt originating from

a contract for services, which is such a contract although the remuneration was not previously agreed upon.

The judgment was entered within the authority conferred by law upon clerks of district courts and the exercise of that authority by the clerk of the District Court of San Juan has not been impugned by the appellant.

The judgment appealed from must be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.